```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS


CHAD L. ABERNATHY,

                            Petitioner,

          v.                                    CASE NO. 05-3382-RDR

DUKE TERRELL, et al.,

                            Respondents.
```

O R D E R

This matter is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2241 by a prisoner in federal custody. Petitioner proceeds pro se in this matter and paid the full district court filing fee.

Petitioner challenges the legality of Bureau of Prisons (BOP) Program Statement 5162.04 and BOP's application of that Program Statement to determine petitioner's eligibility for a reduction of sentence pursuant to the early release program authorized under 18 U.S.C. 3621(e). Petitioner acknowledges his failure to exhaust administrative remedies on his claims, but argues any resort to administrative remedies would be futile and or unnecessary under the circumstances.

It is settled in the Tenth Circuit, however, that a petitioner must exhaust available administrative remedies before commencing an action pursuant to 28 U.S.C. 2241. Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986)(judicial intervention in habeas corpus proceedings is generally deferred until administrative remedies have been exhausted). Although a

futility exception to the exhaustion requirement is recognized, <u>Demarest v. Price</u>, 130 F.3d 922, 933-34 (10th Cir. 1997), the exception is quite narrow and is not satisfied in this case. Petitioner has not yet pursued any administrative review of his claim, *compare* <u>Fraley v. United State Bureau of Prisons</u>, 1 F.3d 924, 925 (9th Cir. 1993)(excusing further exhaustion where denial of administrative relief at first level of review was based on published BOP policy), and BOP is still "in a superior position to investigate the facts" underlying a petitioner's claims, <u>Williams v. O'Brien</u>, 792 F.2d at 987 .

The court thus finds the petition is subject to being dismissed without prejudice, based on petitioner's failure to exhaust administrative remedies.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to show cause why this matter should not be dismissed without prejudice based on petitioner's failure to exhaust administrative remedies on his claims. The failure to file a timely response may result in the dismissal of this matter without prior notice.

A copy of this order shall be transmitted to petitioner.

**IT IS SO ORDERED.**

DATED:  This 4th day of October 2005, at Topeka, Kansas.


                                    s/ Richard D. Rogers
                                    RICHARD D. ROGERS
                                    United States District Judge