IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHAD L. ABERNATHY,**

       Petitioner,

  v.          CASE NO. 05-3382-RDR

**DUKE TERRELL, et al.,**

       Respondents.

## MEMORANDUM AND ORDER

  This petition for writ of habeas corpus, 28 U.S.C. 2241, was filed upon payment of the filing fee by an inmate of the Federal Prison Camp, Leavenworth, Kansas.  Once petitioner demonstrated exhaustion of administrative remedies, an Order to Show Cause issued to respondents.  Respondents filed an Answer and Return, but petitioner did not submit a Traverse.  Having considered all materials filed, the court finds no claim for federal habeas corpus relief is stated.

## CLAIMS

  Mr. Abernathy claims the United States Bureau of Prisons (BOP) unlawfully denied his request for early release under 18 U.S.C. 3621(e)(2)(B).  In support, he alleges the BOP violated the Administrative Procedure Act, 5 U.S.C. § 552 (APA), in promulgating its regulation and program statement implementing Section 3621(e)(2)(B)[1].  He asserts the regulation and program statement

---

  [1] The procedural requirements for all non-exempt rules include public notice, opportunity for public comment, and publication in the Federal Register. 5 U.S.C. § 553 (b)(c).

were invalid as a result. Petitioner cites as legal authority Bohner v. Daniels, 243 F.Supp. 2d 1171 (D.Ore. 2003), aff'd Paulsen v. Daniels, 413 F.3d 999 (9th Cir. 2005). Petitioner also argues that the BOP's final regulation issued in 2000 "runs afoul" of Fristoe v. Thompson, 144 F.3d 627, 631-32 (10th Cir. 1998). Having considered all the materials filed together with the relevant legal authority, the court finds as follows.

**FACTS, BACKGROUND, AND PROCEDURAL HISTORY**

In 1994 Congress passed legislation directing the BOP to make substance abuse treatment programs available to federal inmates. To encourage participation, the statute provided:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

In 1995, to implement this statute, the BOP promulgated regulations and a program statement. The initial policy was to define the otherwise nonviolent crimes of inmates with sentencing enhancements for possession of a firearm as "violent offenses" ineligible for early release under the statutory language. Numerous court challenges ensued, and conflicting case law developed from various federal appellate courts regarding the BOP's initial policies.

Presumably in response, the BOP published on October 9, 1997, a new version of its early release regulation, often referred to as

the "interim rule." See 28 C.F.R. § 550.58(a)(1)(vi)(B). The revised version reflected that the Director of the BOP had exercised discretion to deny early release eligibility for certain offenders, including those whose offense was a felony involving a firearm or other dangerous weapon[2]. Id. A revised BOP Program Statement (PS), PS 5162.04, Categorization of Offenses, was developed at the same time, which respondents describe as mirroring the interim rule. Under PS 5162.04, an inmate serving a sentence for specific convictions with a sentencing enhancement for possession of a firearm is still precluded from receiving certain BOP program benefits, including early release eligibility.

On December 22, 2000, the 1997 interim rule became the "final agency rule," following a very lengthy notice and comment period.

In 2002, Abernathy was sentenced in the United States District Court for the Western District of Missouri for Conspiracy to Possess with Intent to Distribute 500 Grams or More of Cocaine in violation of 18 U.S.C. §§ 841 and 846. His offense was committed in February, 2002. Petitioner received a two-point sentencing enhancement for possession of weapons at the time of sentencing.

---

[2]   The 1997 "interim rule" in relevant part:

> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release: * * *
> (vi) Inmates whose current offense is a felony:
> * * *
> (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon. . . .

28 C.F.R. § 550.58(a)(1)(vi)(B)(1998).

In April, 2005, Abernathy was interviewed by staff of the Residential Drug Abuse Treatment Program (RDAP) and determined to be eligible for the RDAP program.  Exhibits indicate Abernathy was informed that although he could participate in the RDAP, he was ineligible for the one-year sentence reduction under Section 3621(e) based upon his sentencing enhancement for possession of a firearm, pursuant to the existing regulations and PS 5162.04.  According to the BOP, petitioner was denied early release because PS 5162.04 identified his offense "as one that, at the Director's discretion, shall preclude inmates from receiving certain program benefits, including early release."  Abernathy began treatment in the RDAP in August, 2005[3].

**DISCUSSION**

    **I.   APA VIOLATIONS**

Petitioner argues that the 1997 versions of 28 C.F.R. § 550.58 and PS 5162.04 were not promulgated in accordance with the Administrative Procedure Act and, thus, are not valid[4].  Respondents allege and show in their Answer and Return that Mr. Abernathy was found to be ineligible for early release under the final agency regulation issued in 2000, 28 C.F.R. § 550.58(a)(1)(vi)(B)(2000),

---

    [3]    Mr. Abernathy would have to prove successful completion of the drug program to obtain the relief he seeks.

    [4]    If petitioner is arguing that the alleged invalidity of the 1997 versions necessarily implies the invalidity of the 2000 versions, this court rejects that argument.  Any invalidity of the 1997 versions due to noncompliance with procedures mandated by the APA was cured with the issuance of the 2000 final versions following notice and comment.

and that the 2000 regulation was promulgated in full compliance with the APA. Petitioner alleges no facts to refute either of these material allegations.

In a recent unpublished opinion, the Tenth Circuit squarely held that federal prisoners found ineligible for reduction in sentence under the BOP's 2000 "final version" of its early release regulation, and not the 1997 "interim regulation" which they questioned on notice and comment grounds, were not entitled to habeas corpus relief. Miller v. Gallegos, 125 Fed.Appx. 934, **1 (10th Cir. 2005)[5]. The Tenth Circuit noted that the version of the regulation finalized on December 22, 2000, is the same as the 1997 interim version, but cured of any procedural deficiencies with its origination. Id.

This court finds petitioner committed his offenses and was sentenced in 2002 and was considered for early release in 2004, long after the valid 2000 versions of the BOP's regulation and program statement on early release were issued. The court further finds that the 2000 versions of the BOP's regulation and program statement are not alleged or shown to be invalid under the APA, and that the 2000 versions were applied to petitioner's case. The court concludes Mr. Abernathy was considered for and denied early release based upon the BOP's valid regulation and program statement.

The legal authority cited by petitioner, Bohner v. Daniels, is factually distinguishable, and is neither controlling in this

---

[5] A copy of this unpublished opinion is attached to this Order in accordance with Rules of the Tenth Circuit Court of Appeals.

judicial district nor convincing. Respondents argue that the present case is distinguishable from Bohner because 28 C.F.R. § 550.58 became final on December 22, 2000, after a three-year notice and comment period and long before Abernathy was determined to be ineligible for early release on or about March 8, 2004. As a result, respondents argue that any procedural error in the promulgation of the 1997 interim rule had no impact on petitioner because the applicable notice and comment period expired prior to the date he was determined to be ineligible for early release.

This court is not actually required to decide petitioner's claim that the 1997 regulation and program statement were invalid because they were not properly promulgated under the APA[6]. This is so because it is clear petitioner's case arose and was decided long after issuance of the valid 2000 versions. The district court in Bohner and the Ninth Circuit in Paulsen invalidated the 1997 "interim rule" and program statement for failure to comply with the APA's notice and comment requirements during promulgation[7]. Id. at

---

[6] In Lopez v. Davis, 531 U.S. 230 (2001), in which the United States Supreme Court upheld the 1997 regulation in the face of substantive challenges, an amicus argued that the 1997 regulation was invalid because the BOP did not comply with the notice and comment provisions of the Administrative Procedure Act ("APA") during promulgation. The Supreme Court refused to consider the argument because it had not been raised in the court of appeals nor included in the petition for certiorari. Id. at 244, FN 6.

[7] In Bohner, numerous federal prisoners were determined in 1997 to be ineligible for early release based upon the 1997 interim rule, which ultimately became the final regulation. The inmates filed habeas petitions arguing the interim rule did not satisfy the notice and comment requirements of the APA. The Oregon District Court agreed, holding that the BOP violated the APA's thirty-day advance notice requirement by making the 1997 interim rule effective as of October 9, 1997, rather than as of November 14, 1997 (thirty days after the October 15, 1997, date of publication in the Federal Register). Bohner, 243 F.Supp.2d at 1174-75. As a result, the Bohner court found the interim rule to be invalid as to the petitioners who were adversely affected by its application.

1004.  Those courts did not discuss the validity of the 2000 versions, which were applied in Mr. Abernathy's case.  Furthermore, the appellate court in <u>Paulsen</u> held that the 1997 interim regulation was invalid only as to those persons disqualified by it prior to the issuance of the final rule.  See <u>Paulsen</u>, 413 F.3d at 1008.  Thus, even under the case cited by petitioner, he would not be entitled to relief since he clearly was not disqualified prior to issuance of the final rule.

### II.  VIOLATION OF FRISTOE

Petitioner also asserts that the BOP's decision in his case "runs afoul" of <u>Fristoe v. Thompson</u>, 144 F.3d at 627.  In <u>Fristoe</u>, the Tenth Circuit Court of Appeals invalidated the original version of the BOP early release regulation, based upon its method of defining a "crime of violence" for purposes of § 3621(e)(2)(B). <u>Fristoe</u>, 144 F.3d at 631 (The plain language of § 3621(e)(2)(B) referring to prisoners "convicted of a nonviolent offense" does not permit resort to sentencing enhancements attached to the nonviolent offense for purposes of denying early release eligibility). However, <u>Fristoe</u> does not provide legal authority for petitioner's claim herein for two reasons.  First, the regulation invalidated in <u>Fristoe</u> was the 1995 version containing the much-challenged "definitional approach"[8] to excluding "crimes of violence."  There

---

[8] In 1997, the BOP amended its regulation to eliminate this "definitional approach" for excluding a prisoner from early release eligibility, and to "instead rely on the BOP Director's

7

is no reason to think that the 1995 version was applied in petitioner's case.

Second, the reasoning in Fristoe upon which petitioner relies has been rejected by the U.S. Supreme Court. Subsequent to Fristoe, the Tenth Circuit Court of Appeals expressly applied its reasoning in Fristoe to a set of facts more analogous to the instant case, to invalidate the BOP's 1997 version of its regulation and program statement[9], and its reliance upon sentencing enhancements for weapons to deny early release to prisoners convicted of nonviolent drug offenses. Ward v. Booker, 202 F.3d 1249, 1254 (10th Cir. 2000). The holding in Ward was vacated by the United States Supreme Court in Booker v. Ward, 531 U.S. 1108 (2001). The Supreme Court rejected application of the Fristoe reasoning to the 1997 regulation as a result of its earlier ruling in Lopez v. Davis[10]. In sum, the reasoning in Fristoe as applied in Booker to facts analogous to

---

discretion in granting a sentence reduction." Nevertheless, the 1997 regulation continued to categorically deny early release eligibility to prisoners whose current offense was a felony attended by "the carrying, possession, or use of a firearm." 28 C.F.R. § 550.58(a)(1)(vi)(B).

[9] Neither Fristoe nor Ward considered the question of whether or not the 1997 regulation should be invalidated for noncompliance with the APA.

[10] In January, 2001, the United States Supreme Court held in Lopez, 531 U.S. at 244, that § 3621(e)(2)(B) grants the BOP discretion and authority to deny early release to a category of prisoners whose offense was a felony involving carrying, possession, or use of firearm. Lopez had been convicted of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841, and the district court enhanced his sentence by two levels pursuant to USSG § 2D1.1(b)(1) finding he possessed a firearm in connection with his offense. Id. at 236. Since then it has been quite clear to this court that the 1997 regulation, and program statement implementing it, were substantively sound with respect to sentencing enhancements for weapons. The United States Supreme Court expressly held that "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." Lopez, 531 U.S. at 240.

8

those in the instant case was rejected by the U.S. Supreme Court. It follows that neither the holding nor the reasoning in <u>Fristoe</u> entitles petitioner to relief in this case.

The court finds no valid reason is presented to determine that the BOP exceeded its statutory authority or abused its discretion in denying Mr. Abernathy's application for a 3621(e)(2)(B) sentence reduction.  The court concludes no grounds for federal habeas corpus have been stated.

**IT IS THEREFORE ORDERED that this action is dismissed and all relief denied.**

**DATED:  This 22nd day of September, 2006, at Topeka, Kansas.**

<u>s/RICHARD D. ROGERS</u>
**United States District Judge**